**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-2184**

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

  Plaintiff - Appellee,

v.

MICHAEL K. MARTIN,

  Defendant - Appellant,

and

NORTH STAR FINANCE LLC; THOMAS G. ELLIS; YASUO ODA; THOMAS H. VETTER; SHARON L. SALINAS; CAPITAL SOURCE FUNDING LLC; CAPITAL SOURCE LENDING LLC; GOODWILL FUNDING INC., Relief Defendants; CHAREL WINSTON, Relief Defendants,

  Defendants,

v.

ANDREW HUTCHISON; GRIFFITH THOMAS ELLIS,

  Third Party Defendants.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. George Jarrod Hazel, District Judge.  (8:15-cv-01339-GJH)

Submitted:  February 28, 2018                    Decided:  March 12, 2018

Before MOTZ, DUNCAN, and FLOYD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Michael K. Martin, Appellant Pro Se. Jeffrey Alan Berger, Timothy England, UNITED STATES SECURITIES & EXCHANGE COMMISSION, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael K. Martin seeks to appeal the district court's order imposing contempt sanctions for failing to comply with discovery. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). The contempt order that Martin seeks to appeal is civil in nature as it may be purged if he complies with the court's directive. *Penfield Co. of Cal. v. SEC*, 330 U.S. 585, 590 (1947). "A civil contempt proceeding is in effect a continuance of the main action and therefore a party to a suit may not review upon appeal an order fining or imprisoning him for civil contempt except in connection with appeal from a final judgment of the main claim." *Consolidation Coal Co. v. Local 1702, United Mineworkers of Am.*, 683 F.2d 827, 830 & n.3 (4th Cir. 1982). Because the contempt order is neither a final order nor an appealable interlocutory or collateral order, we dismiss the appeal of that order for lack of jurisdiction.

To the extent Martin seeks to appeal the order freezing certain of his assets during litigation and subsequent orders denying his requests for additional release of funds, we find that aspect of his appeal untimely. When the United States or its officer or agency is a party, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

3

Here, the district court entered orders regarding Martin's frozen assets on February 3, 2017, April 20, 2017, May 2, 2017, May 5, 2017, and August 4, 2017. Martin filed his notice of appeal on October 4, 2017. Thus, using the latest possible date, August 4, 2017, Martin's October 4 notice of appeal, filed 61 days later, was not timely. Because Martin failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss this portion of his appeal as untimely.

We deny Martin leave to proceed in forma pauperis. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

4